**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| COREY HARDISON,<br><br>Plaintiff,<br><br>vs.<br><br>ETHEL EWING, *et al.*,<br><br>Defendants. | : | Case No. 1:25-cv-399<br><br>District Judge Douglas R. Cole<br>Chief Magistrate Judge Stephanie K. Bowman |

**REPORT AND RECOMMENDATION**

Plaintiff, an Ohio inmate, brings this pro se complaint under 42 U.S.C. §§ 1983 and 1985, the Racketeer Influenced and Corrupt Organization Act (RICO), and state law against Southern Ohio Correctional Facility (SOCF) Warden Cynthia Davis, SOCF Corrections Officer Leaisure, and Viapath Technologies employee Ethel Ewing. (Doc. 3). Plaintiff sues the Warden and Ewing in their individual and official capacities and Leaisure in her individual capacity. (*Id*. at PageID 108, 115). Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 2).

This matter is before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

## I. Legal Standard

Because plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such

relief. *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing plaintiff's complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662 (internal quotation and quotation marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. Allegations

Plaintiff bring claims relating to two incidents: his receipt of a disputed "ticket" for threats and the subsequent confiscation and reassignment or loss of his assigned phone tablet. (Doc. 3). His allegations are summarized below.

**A. Disputed Threats Ticket**

In January 2024, defendant Leaisure accused plaintiff of masturbating while watching her in the control booth. (*Id*. at PageID 115-16). Leaisure also told plaintiff that she did not like hearing him talk and that if he was not quiet she would issue him a conduct violation and put him in Restrictive Housing (RH). (*Id*. at PageID 116). Plaintiff denied Leaisure's accusations and told her to leave him alone and to get away from him. (*Id*.).

A couple of days afterwards, a nondefendant "white shirt" escorted plaintiff to RH for threats. (*Id*.). At the time he was escorted to RH, plaintiff was conversing with another inmate about politics. (*Id*.). Plaintiff asserts that the threats ticket was really a pretext for Leaisure not liking to hear him talk or his political views. (*Id*. at PageID 116-17). As a result of the threats ticket, plaintiff was placed in RH for 10 days and in 4B (a higher security level) for six months. (*Id*.). Plaintiff was denied kites and paper grievances in RH. (*Id.* at PageID 118). As set forth below, plaintiff also asserts that his assigned phone tablet was confiscated when he went to RH. (*Id*. at PageID 110, 114, 117).

**B. Assigned Phone Tablet**

By way of background, plaintiff asserts that GTL/Viapath phone tablets are assigned to all Ohio Department of Rehabilitation and Correction (ODRC) inmates. (*Id.* at PageID 110). According to plaintiff, the tablet "is the property of GTL entrusted to and assigned to" him through a user agreement that renders him "responsible for" the tablet. (*Id*. at PageID 110-11, 114).

As noted, plaintiff claims that his assigned tablet was confiscated when he went to RH for the threats ticket. (*Id*. at PageID 117). When plaintiff received his property after being released

from RH, the tablet was not included. (*Id*. at PageID 108). Plaintiff asked about the tablet and was told by a nondefendant corrections officer that Warden Davis "allowed SOCF staff to take GTL tablets from inmates that go to RH." (*Id*. at PageID 110). Plaintiff filed multiple grievances about his assigned tablet and attaches several to his complaint as exhibits. (*See id*. at PageID 121-75). The attached exhibits are considered a part of the complaint "for all purposes." Fed. R. Civ. P. 10(c). In one grievance, plaintiff suggests that when he went to RH the tablet was returned to GTL/Viapath for reassignment to another inmate. (*Id*. at PageID 142). In another, he suggests that the tablet was lost by SOCF staff. (*Id*. at PageID 171). Plaintiff claims that at the time he filed his complaint he had been misdirected about the missing tablet "for 14 months and counting." (*Id*. at PageID 110). He suggests that he was misled so that he would pay the $250 replacement cost. (*Id*. at PageID 112). Although plaintiff attaches an exhibit to his complaint suggesting that in April 2025 his request to purchase a new tablet was granted (*id*. at PageID 175), he also attaches exhibits indicating that shared tablets were available (*id*. at PageID 125-26) and that he was told that he was on the waitlist for a replacement tablet (*id*. at PageID 129, 154, 157).

Plaintiff seeks damages and injunctive relief. (*Id*. at PageID 109).

## III. Analysis

Based on the above allegations, plaintiff asserts claims for retaliation in violation of the First Amendment, unlawful search and seizure in violation of the Fourth Amendment, unlawful taking in violation of the Fifth Amendment, cruel and unusual punishment in violation of the Eighth Amendment, and deprivations of due process and equal protection in violation of the Fourteenth Amendment. (*Id*. at PageID 108-09; 114-16). Plaintiff also asserts civil RICO and

conspiracy claims, as well as a number of state law claims, including breach of contract, fraud, conversion, usurpation, defamation, and intentional infliction of emotional distress. (*Id.*). For the following reasons, the Court recommends that plaintiff's complaint be dismissed.

***A. Federal Claims***

**1. Defendant Ewing**

Before turning to plaintiff's substantive claims, the Court notes that plaintiff alleges that defendant Ewing, whom he sues in both an individual and official capacity, is a Viapath Technologies employee. (*Id*. at PageID 108). To state a claim under § 1983, a plaintiff must set forth facts that clearly establish: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) [that has been] caused by a person acting under the color of state law." *Sigley v. City of Parma Heights,* 437 F.3d 527, 533 (6th Cir.2006) (citing *West v. Atkins,* 487 U.S. 42, 48 (1988)). "A private party may become a state actor only in limited circumstances." *Guilford v. Athena Career Acad.*, No. 3:19 CV 2208, 2020 WL 7364786, at *3 (N.D. Ohio Sept. 3, 2020), *report and recommendation adopted sub nom. Guilford v. Athena Educ. Grp., LTD*, 2020 WL 6481832 (N.D. Ohio Nov. 4, 2020). Here, as discussed below, plaintiff has failed to state a plausible claim under § 1983, or, for that matter, under § 1985(3) or RICO, against Ewing. The Court therefore need not determine at this time whether Ewing is a state actor for purposes of § 1983. *See Madrid v. King*, No. 17-CV-11266, 2018 WL 1005600, at *3 (E.D. Mich. Jan. 31, 2018), *report and recommendation adopted*, 2018 WL 1101330 (E.D. Mich. Mar. 1, 2018).

**2. Warden Davis**

Next, plaintiff sues Warden Davis in her individual and official capacities and seeks to

recover both monetary damages and injunctive relief from her. The Eleventh Amendment bars a federal court from hearing a damages claim against a state and its entities except where Congress has explicitly abrogated a state's immunity to suit on the face of a statute or where the state itself has consented to suit. *Edelman v. Jordan*, 415 U.S. 651 (1974). Congress did not abrogate state immunity to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66-67 (1989). "[N]or does the language of [42 U.S.C. § 1985(3)] indicate an intent to abrogate Eleventh Amendment immunity." *Jones v. Croft*, No. 2:12-CV-0545, 2013 WL 6008841, at *3 (S.D. Ohio Nov. 13, 2013), *report and recommendation adopted*, 2014 WL 347039 (S.D. Ohio Jan. 30, 2014). The same is true for RICO. *See Masterson v. Meade Cty. Fiscal Court*, 489 F. Supp. 2d 740, 753 (W.D. Ky. 2007) (dismissing RICO claims against the defendants in their official capacities). Further, the State of Ohio has not waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985).

Because a claim against an individual defendant in his or her official capacity is actually a claim against the entity that employs him or her, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), actions against state officials in their official capacities for money damages are likewise barred by the Eleventh Amendment. *Will*, 491 U.S. at 70-71. Accordingly, plaintiff's damages claims against Warden Davis in her official capacity under §§ 1983 and 1985(3) and RICO should be dismissed.

**3. Conspiracy**

Turning to plaintiff's substantive claims, the Court first considers plaintiff's conspiracy claims, which he brings under §§ 1983 and 1985(3). (Doc. 3, at PageID 108, 111, 115, 118). To state a conspiracy claim under § 1983, a plaintiff must plead that there is "an agreement between

two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). A plaintiff must plead and prove that a "'single plan' existed," the alleged co-conspirators "shared in the general conspiratorial objective," and that an "overt act was committed in furtherance of the conspiracy that caused injury" to the plaintiff. *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Hooks*, 771 F.2d at 943-44). Further, "conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)); *see also Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one). "Additionally, as Section 1983 does not create a cause of action for conspiracy in and of itself, a plaintiff must also allege some underlying deprivation of a constitutional right." *Holt Cargo Systems, Inc. v. Delaware River Port Auth.*, 20 F.Supp.2d 803, 843 (E.D. Pa. 1998).

Here, other than making a few conclusory statements about a conspiracy (*see* Doc. 3, at PageID 111, 117-18), plaintiff fails to plead facts from which the Court can plausibly infer that defendants acted pursuant a conspiracy. *See Morales v. Lashbrook*, No. 16-CV-00571, 2016 WL 3753703, at *3 (S.D. Ill. July 14, 2016) (finding allegations of a conspiracy to be insufficient where the plaintiff failed to "provide any explanation of when Defendants met and developed a plan" or "how they planned to execute it"). Plaintiff's "subjective belief and personal interpretation of the events, without supporting facts, are insufficient to show . . . a conspiracy." *Ali v. Ault*, No. 1:25-CV-827, 2025 WL 2717150, at *6 (W.D. Mich. Sept. 24, 2025). Moreover,

as discussed below, plaintiff has failed to plead facts plausibly showing an underlying constitutional violation. *See Holt Cargo Systems, Inc.*, 20 F.Supp.2d at 843.

To maintain a cause of action for conspiracy under § 1985(3), a plaintiff must establish that the conspiracy was motivated by a class-based animus, such as race. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). Plaintiff has not done so and his conclusory allegations under § 1985(3) are similarly subject to summary dismissal. *See Moore v. Kulkarni*, No. 1:18-cv-12280, 2019 WL 4312135, at *10 (E.D. Mich. May 31, 2019).

Accordingly, the Court should dismiss plaintiff's §§ 1983 and 1985(3) conspiracy claims.

**4. Retaliation**

Plaintiff also alleges that he was retaliated against by defendants. (*See* Doc. 3, at PageID 108, 116). A retaliation claim is grounded in the First Amendment and has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) the prisoner's protected conduct, at least in part, motivated the adverse action. *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007), in turn quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).

Plaintiff alleges that defendant Leaisure acted in retaliation for his political comments and out of personal animosity for not liking to hear him talk. (Doc. 3, at PageID 116). But personal animosity does not constitute protected conduct. *See Smith v. Powell*, No. 2:14-CV-01725, 2016 WL 11384325, at *14 (D. Or. Jan. 25, 2016), *report and recommendation adopted*, 2016 WL 1183086 (D. Or. Mar. 28, 2016), *aff'd*, 693 F. App'x 610 (9th Cir. 2017). And plaintiff does not allege that Leaisure was aware of his political comments. *See Boxill v.*

*O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (finding a First Amendment retaliation claim to be subject to dismissal where the plaintiff "offered no plausible, non-conclusory facts to show that [the defendant] was even aware of [the plaintiff's] complaints against him."). Plaintiff does not allege the basis for his retaliation claim against Warden Davis or Ewing. (*See* Doc. 3, at PageID 108). A plaintiff must allege more than his "personal belief that he [was] the victim of retaliation." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (internal quotation marks omitted). Plaintiff has not done so here.

Accordingly, plaintiff's retaliation claims should be dismissed.

**5. Search and Seizure**

Plaintiff alleges that his Fourth Amendment rights were violated when he was placed in RH and his cell was packed up. (Doc. 3, at PageID 108, 112, 115). Plaintiff, however, cannot show that he was improperly seized in violation of the Fourth Amendment because "he was already lawfully subject to all the limitations on liberty incident to arrest and imprisonment, including the possibility of confinement in segregation. Thus, transferring him from one area of the prison to a more restrictive area did not constitute a 'seizure' under the Fourth Amendment[.]" *Hubbard v. Mann*, No. 2:21-CV-55, 2021 WL 2845099, at *9 (W.D. Mich. July 8, 2021). Further, "[p]risoners do not have a legitimate expectation of privacy, and the Fourth Amendment prohibition against unreasonable searches does not apply in prison cells." *Flournoy v. Morris*, No. 86-3787, 1987 WL 36063, *1 (6th Cir. May 22, 1987) (citing *Hudson v. Palmer*, 468 U.S. 517, 530 (1984)). Plaintiff's Fourth Amendment claim should therefore be dismissed.

**6. Cruel and Unusual Punishment**

An inmate alleging cruel and unusual punishment in violations of the Eighth Amendment

must show that he "was incarcerated under conditions posing a substantial risk of serious harm" and that defendants "knew of and disregarded that excessive risk to the inmate's health or safety." *Finley v. Huss*, 102 F.4th 789, 805 (6th Cir. 2024). Here, "the issuance of an allegedly false misconduct ticket does not constitute punishment under the Eighth Amendment." *Snider v. Gibson*, No. 1: 25-CV-1040, 2025 WL 2921893, at *4 (W.D. Mich. Oct. 15, 2025) (collecting cases). Nor does the alleged confiscation of plaintiff's assigned phone tablet. "Pursuant to the law in this circuit, absent any showing that basic human needs were not met, a denial of privileges does not constitute an Eighth Amendment violation." *Allen v. Alexsander*, No. 19-1315, 2019 WL 4667707, at *2 (6th Cir. Sept. 12, 2019) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)). Plaintiff's Eighth Amendment claim should be dismissed.

**7. Liberty Interest**

To state a plausible due process claim, a plaintiff must allege some "deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth,* 408 U.S. 564, 556 (1972). Plaintiff claims that defendants deprived him of constitutionally protected interests in both liberty and property without due process of law. The Court addresses plaintiff's liberty-interest claims and then turns to his property-interest claims.

Plaintiff's liberty-interest claims appear to implicate both the disputed threats ticket and the taking and subsequent reassignment or loss of his assigned tablet when he went to RH. (Doc. 3, at PageID 108-17). Prisoners subject to disciplinary proceedings are not entitled to the same "full panoply" of due process rights afforded to criminal defendants during trial. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). A valid "due process challenge to a prison misconduct conviction depends on whether the conviction[ ] implicated any liberty interest." *Hubbard v.*

*Theut*, No. 2:19-cv-52, 2019 WL 1198536, at *2 (W.D. Mich. Mar. 14, 2019). Importantly, the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *Id*. (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Rather, "a prisoner is entitled to the protections of due process only when a deprivation 'will inevitably affect the duration of his sentence' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id*. (quoting *Sandin v. Conner*, 515 U.S. 472, 486–87 (1995)).

Plaintiff has not alleged that the challenged disciplinary sanction resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or in an atypical and significant hardship. The Sixth Circuit has found that confinement in segregation generally does not rise to the level of an atypical and significant hardship except "in extreme circumstances," such as when a prisoner is subject to an excessively long or indefinite administrative segregation. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (quoting *Harden–Bey v. Rutter,* 524 F.3d 789, 791–92 (6th Cir. 2008)). *Cf. Harris v. Caruso,* 465 F. App'x. 481, 484 (6th Cir. 2012) (a prisoner's 8-year confinement in segregation was of "atypical duration" and presented a cognizable liberty interest). Assignment to RH likewise does not implicate a liberty interest. *See Perry v. Erdos*, No. 1:22-cv-178, 2022 WL 2256901, at *3 (S.D. Ohio June 22, 2022), *report and recommendation adopted*, 2022 WL 3083522 (S.D. Ohio Aug. 3, 2022). Nor does a change in security classification implicate a liberty interest. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (citing *Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976)).

Furthermore, "[c]ourts have uniformly held that the denial of access to an electronic tablet does not rise to the level of an atypical and significant hardship and that 'inmates do not

have a protected liberty interest in tablet use.'" *Perez v. Huneycutt*, No. 5:22-CV-00120, 2025 WL 2170360, at *5 (W.D.N.C. Mar. 10, 2025), *aff'd,* No. 25-6211, 2025 WL 2141323 (4th Cir. July 29, 2025) (quoting *Burrell v. DOCCS*, 655 F.Supp.3d 112, 128-28 (N.D.N.Y. 2023) (collecting cases)). *See also Gardner v. Picotte*, No. 2:24-CV-192, 2025 WL 920025, at *7 (W.D. Mich. Mar. 27, 2025) ("loss of phone and tablet privileges" does not amount to an atypical and significant hardship in relation to the ordinary incidents of prison life) (citing cases); *Jarrett v. Greene*, No. 1:22-CV-456, 2022 WL 13795466, at *12 (S.D. Ohio Oct. 24, 2022), *report and recommendation adopted*, 2022 WL 17253595 (S.D. Ohio Nov. 28, 2022) (six-month tablet restriction did not implicate a liberty interest); *Uraz v. Ingham Cty. Jail,* No. 1:19-CV-550, 2019 WL 4292394, at *6 (W.D. Mich. Sept. 11, 2019) (10-month phone restriction did not implicate a liberty interest). And, here, it appears that any denial of access to a tablet was only temporary as plaintiff does not dispute that shared tablets were available to him while he waited for a replacement tablet. (*See* Doc. 3, at PageID 125-26; 154; 157).

Accordingly, plaintiff's Fourteenth Amendment liberty-interest claims should be dismissed.

**8. Property Interest**

As noted, plaintiff also asserts that the taking of his assigned tablet deprived him of a protected property interest without due process. The Court next addresses that claim, as well as plaintiff's claims under the Takings Clause and RICO.

***a. Due Process***

To successfully make out a due process property claim, a plaintiff must allege: (1) a property interest requiring protection under the Due Process Clause, and (2) a deprivation of that

interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). A plaintiff may also be required to allege an additional element, depending on what type of deprivation is at issue. If a plaintiff alleges a deprivation of property results from the "random, unauthorized act of a state employee," *Mitchell v. Fankhauser*, 375 F.3d 477, 482 (6th Cir. 2004), the plaintiff must also sufficiently allege that the state's post-deprivation remedies were inadequate. *Taylor v. Chambers-Smith*, No. 24-3085, 2024 WL 5038491, at *2 (6th Cir. Dec. 4, 2024) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). On the other hand, if a plaintiff alleges a "deprivation pursuant to a specific and authorized jail policy," he is not required to plead the state's post-deprivation remedies were inadequate. *See id.*; *Mitchell*, 375 F.3d at 481.

It is not clear from plaintiff's complaint whether he pleads the former type of due process claim or the latter. (*See* Doc. 3, at PageID 108, 110). Either way, however, plaintiff has failed to sufficiently plead a claim for relief.

To the extent plaintiff asserts an unauthorized or negligent deprivation of property, he says nothing about the inadequacy of state post-deprivation remedies. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). *See also Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the [post-deprivation] process requirement of the Due Process Clauses."). And while plaintiff is apparently dissatisfied with the prison's grievance procedure, that is not enough to satisfy his burden because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. 1998) (citations omitted); *cf. Martin v. Wilson*, No. 2:18-CV-463, 2018 WL 3083891, at *2 (S.D. Ohio June 22,

2018) (rejecting a plaintiff's contention that the grievance process is a state post-deprivation remedy).

To the extent plaintiff asserts an authorized deprivation, he need not allege the inadequacy of state post-deprivation remedies but must still allege the deprivation of a property interest. *See Baird*, 438 F.3d at 611. Plaintiff has not done so. Courts have declined to find a constitutional right to a tablet. *See Jensen v. Zmuda*, No. 25-CV-3192, 2025 WL 2841202, at *3 (D. Kan. Oct. 7, 2025); *Bass v. Battle*, No. 3:24-CV-233, 2025 WL 1168896, at *1 (N.D. Ind. Apr. 22, 2025). *See also Mize v. Woosley*, No. 4:10-CV-119, 2010 WL 4323073, at *2 (W.D. Ky. Oct. 26, 2010) ("Prisoners do not have any constitutionally protected right to watch television or listen to the radio[.]"). And, while inmates have a property interest in their ***personal*** property, *see Smith v. Michigan Dep't of Corr.*, No. 1:24-CV-179, 2024 WL 4297481, at *6 (W.D. Mich. Sept. 26, 2024), plaintiff alleges that his assigned tablet belonged to GTL. (Doc. 3, at PageID 114). *See Walker v. J-Pay, LLC*, No. 1:25-CV-338, 2026 WL 1140886, at *3 (N.D. Fla. Mar. 23, 2026) (finding prison-issued tablets were not the plaintiff's private property), *report and recommendation adopted*, 2026 WL 1135984 (N.D. Fla. Apr. 27, 2026); *see also Perry v. May*, No. 3:22-CV-688, 2024 WL 4336364, at *14 (N.D. Ohio Sept. 27, 2024) (noting distinction between personal property and property issued by the prison). Without a "property interest which has been interfered with by the State," plaintiff has failed to state a plausible due process claim. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

In so finding, the Court is aware that plaintiff alleges the confiscation of his assigned tablet violated the terms of the user agreement he signed. (Doc. 3, at PageID 111). But "[t]he remedy for a breach of contract is more appropriately determined in state court—not under

§ 1983 in federal court." *Smoot v. JPay, Inc.*, No. 2:21-CV-1440, 2021 WL 3424732, at *3 (S.D. Ohio May 5, 2021), *report and recommendation adopted sub nom. Smoot v. JPay*, No. 2:21-CV-1440, 2021 WL 2843103 (S.D. Ohio July 8, 2021). *See also Walker v. Dep't of Corr.,* No. 02-CV-135, 2002 WL 32341702, at *10 (W.D. Wis. June 19, 2002) ("To the extent that petitioner is alleging that respondents breached a contract, such a claim is based in state law."); *Meador v. Dep't of Corr*., No. 97-CV-6417, 1998 WL 940240, at *1 (6th Cir. 1998) (cautioning that "courts should be hesitant to find a liberty or property interest in state-created correctional policies.").

***b. Takings Clause***

The Takings Clause, which is applicable to the states through the Fourteenth Amendment, provides that "***private*** property [shall not] be taken for public use, without just compensation." U.S. Const. Amend. V (emphasis added). As noted, plaintiff does not allege the taking of private property. Plaintiff's Takings Clause claim therefore fails to state a claim upon which relief can be granted. *See Walker*, 2026 WL 1140886, at *3 (dismissing Takings Clause claim because issued tablets were not the plaintiff's private property).

***c. RICO***

Pleading a civil RICO claim under § 1962(c) "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). Additionally, the plaintiff must show an injury to his business or property. *See Lee v. Michigan Parole Bd.,* 104 F. App'x 490, 493 (6th Cir. 2004) (citing 18 U.S.C. § 1964(c)). "Recovery for physical injury or mental suffering is not permitted under civil RICO because these types of harm do not concern business or property." *Jacobs v. Ohio Dep't of Rehab. & Correction*, No. 2:08-CV-713, 2009 WL 1911786, at *4–5 (S.D. Ohio June 30, 2009) (citing

*Fleischhauer v. Feltner,* 877 F.2d 1290, 1300 (6th Cir.1986)). Because plaintiff does not plead facts establishing a property interest in his assigned tablet, his RICO claims should be dismissed. *See Tapp v. Proto*, 718 F. Supp. 2d 598, 625 (E.D. Pa.), *aff'd* 404 F. App'x 563 (3d Cir. 2010). Additionally, the damages plaintiff claims to have suffered ("months long misery and mental torture" (Doc. 3, at PageID 113)) are the kinds of damages that are not recoverable under civil RICO. *Jacobs*, 2009 WL 1911786, at *5.

Accordingly, plaintiff's due process property claims, Takings Clause claims, and RICO claims should be dismissed.

**9. Equal Protection**

The Court understands the gravamen of plaintiff's equal protection claim to be that he and other SOCF inmates are the only ORDC inmates that are not allowed to keep their tablets while in RH. (Doc. 3, at PageID 114). The Equal Protection Clause "protects against invidious discrimination among similarly situated individuals or implicating fundamental rights. The threshold element of an equal protection claim is disparate treatment; once disparate treatment is shown, the equal protection analysis to be applied is determined by the classification used by government decision-makers." *Scarborough v. Morgan Cty. Bd. of Educ.*, 47 F.3d 250, 259 (6th Cir. 2006). Prisoners are not considered a suspect class for purposes of equal protection litigation. *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005). Thus, "[i]n order for the actions of prison officials to rise to the level of a violation of the Equal Protection Clause, a prisoner must show that he or she was treated differently than similarly situated prisoners and that there was no rational basis for the difference in treatment." *Ervin v. Davis*, No. 2:16-CV-186, 2017 WL 2573251, at *4 (S.D. Ohio June 14, 2017), *report and recommendation adopted,*

No. 2:16-CV-186, 2017 WL 3600447 (S.D. Ohio Aug. 21, 2017). Plaintiff has not met this standard because he does not allege facts showing that defendants treated him differently from other SOCF inmates or that defendants treated one group of SOCF inmates differently from another. *See Joost v. Cornell Corr., Inc.*, No. 97-CV-512, 1998 WL 939531, at *4 (D.R.I. Dec. 11, 1998) (finding equal protection claim failed where the plaintiff alleged different treatment from inmates at other facilities) (citing cases). Plaintiff's equal protection claim therefore should be dismissed.

**10. Prison grievance procedure**

Finally, plaintiff alleges that he was denied grievance forms while in RH. Such a claim does not implicate federal constitutional concerns because plaintiff has no right under the Constitution to an effective prison grievance procedure. *See Miller,* 1998 WL 476247, at *1. *See also Hill v. Warden,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012), *report and recommendation adopted*, 2012 WL 1623565 (S.D. Ohio May 9, 2012).

***B. State Law Claims***

The only remaining claims in the complaint are plaintiff's state law claims for breach of contract, fraud, conversion, usurpation, defamation, and intentional infliction of emotional distress. Plaintiff has not established this Court's diversity jurisdiction to hear these claims.

The only specific allegation of damages plaintiff references in the complaint is the $250 replacement cost of his phone tablet that he will allegedly owe if he buys a new one. (Doc. 3, at PageID 112). This allegation is insufficient to support a finding that plaintiff's claims satisfy the jurisdictional amount necessary for diversity jurisdiction under 28 U.S.C. § 1332(a).[1] Nor are

[1]28 U.S.C. § 1332(a) provides, in relevant part: "The district courts shall have original

plaintiff's requests for compensatory damages "totaling $3,150,000 per defendant" or for punitive damages in the same amount. (Doc. 3, at PageID 17). The requested relief totaling $18,900,000 pertains to more than just the allegedly confiscated phone tablet and fails to "present clear allegations" that the amount in controversy on the state law claims exceeds $75,000. *See Tiger v. Pynkala*, No. 14-CV-1212, 2014 WL 5502405, at *14 n.11 (W.D. Tenn. Oct. 30, 2014) (finding that the plaintiff failed to meet her burden of pleading diversity jurisdiction where she failed to "present clear allegations" that the amount in controversy exceeded $75,000). *See also Duncan v. Absolute Towing & Recovery LLC*, No. 25-CV-2158, 2025 WL 2355623, at *3 (W.D. Tenn. Feb. 18, 2025), *report and recommendation adopted,* No. 2:25-CV-02158, 2025 WL 2346567 (W.D. Tenn. Aug. 13, 2025) ("Plaintiff's $10,000,000 demand does not appear to have been made in good faith and there are no facts to support a recovery in excess of $75,000."). This is especially the case here, where the Court has recommended dismissal of each of plaintiff's federal claims.

Plaintiff's state law claims should therefore be dismissed for lack of subject matter jurisdiction. And because it is recommended that the Court dismiss plaintiff's federal claims, the Court should also decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, in sum, the Court should **DISMISS** plaintiff's federal claims **WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015).

---

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

The Court should also **DISMISS** plaintiff's state law claims **WITHOUT PREJUDICE** to filing in state court, as appropriate, for lack of subject matter jurisdiction. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); 1367(c)(3); Federal Rule of Civil Procedure 12(h)(3).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS** plaintiff's federal claims against defendants **WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). *See Newberry*, 789 F.3d at 646.

2. The Court **DISMISS** plaintiff's state law claims against defendants **WITHOUT PREJUDICE** to filing in state court, as appropriate, for lack of subject matter jurisdiction. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); 1367(c)(3); Federal Rule of Civil Procedure 12(h)(3).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

August 6, 2026

*s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
CHIEF UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on

timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).